## COLLINS v. DAWSON.

### No. 1235.

Court of Civil Appeals of Texas. Waco.

Oct. 13, 1932.

Rehearing Denied Nov. 25, 1932.

Collins & Houston, of Dallas, for appellant.

Harry P. Lawther and Alex Pope, both of Dallas, for appellee.

BARCUS, J.

In May, 1929, appellee notified appellant that T. L. Bradford and T. W. Vardell owned 10,500 shares of stock in the Southwestern Life Company, which was a majority of the stock in said company; that same was for sale at approximately $700 per share. Thereupon appellee and appellant undertook the sale thereof, and as a result said stock was sold for more than $7,000,000.

It appears that Vardell and Bradford, the owners of the stock, were the clients or customers of appellee, and that appellee associated appellant with himself for the purpose of selling said stock. At appellant's request appellee left the details of the selling and the negotiations leading up to same to appellant. The stock was sold to the Missouri State Life Insurance Company, and a short time before the sale was consummated appellant informed appellee that he would not expect any commission if the sale went through, but that his remuneration would be his employment in the new company as one of its active officers on a salary of $50,000 per year, and he told appellee that he could get him $10,000 if he would accept it in full payment of services rendered. This appellee declined. Appellee then notified all parties at interest that if the sale was consummated he would expect a commission of $10 per share. After the sale was consummated it was found that appellant, by reason of other connections, could not accept an office in the insurance company which purchased the stock. In order to compensate appellant for the services he had rendered in consummating the deal, Vardell and Bradford each agreed to pay him $25,000. Before any of said money was paid to appellant, appellee instituted suit against Vardell and Bradford in his individual name for the total commission which he claimed was due on the sale of said stock. Vardell then made an agreement with appellant to pay $30,000; $10,000 thereof to be paid appellee Dawson, and $20,000 to appellant Collins, provided he could get a release signed by both appellant and appellee releasing him, Vardell, from further liability to either of the parties. This agreement was carried out, and appellee received from Vardell $10,000, and dismissed his suit against Vardell, and appellant received $20,000 from Vardell. Thereafter Bradford paid appellant $20,000 and took a receipt from him for any claim he, appellant, might have for services rendered in consummating the sale of the stock.

Appellee prosecuted his suit against Bradford and collected from Bradford, as a result of said litigation, $15,000. Appellee paid his attorneys one-third of the amount received from Vardell, and one-half of the amount received from Bradford. Thereafter appellee instituted this suit against appellant to recover one-half of the $40,000 which the appellant had collected from Vardell and Bradford. Appellant in his answer contended that appellee had no interest in said $40,000; that same was not paid to him as a commission, but was paid to him by Vardell and Bradford as a gift showing their appreciation of his services. He further claimed that appellee by having filed suit against Vardell and Bradford waived any right he might have had to sue for any interest in said money, and contended that appellee was estopped by his actions from recovering anything against him, appellant. Appellant further by cross-action asked for an accounting between himself and

appellee, alleging that it was necessary for him to and he did spend $1,000 in expenses in consummating the deal, and that he had to employ one Trimble to assist him, and had paid Trimble $20,000 of the $40,000 which he had received, and alleged that appellee was indebted to him for $10,250, for which he asked judgment against appellee.

In response to special issues, the jury found that appellee associated appellant with him in the sale of the stock, and that as a result thereof appellee collected commissions totaling $40,000 from Bradford and Vardell for negotiating the sale of the stock, and that appellee was entitled to one-third thereof. It found that appellee did not agree with appellant to terminate his association with him for the sale of said stock. It found that appellant did not pay Trimble $20,000 of the $40,-000 he received as commissions. It found that appellant spent $1,000 in consummating the sale, and that same was a reasonable charge. It found that appellant was not entitled to receive any part of the money which appellee had collected from Vardell and Bradford. Based on said findings, the trial court deducted the $1,000 expenses from the $40,000 which appellant had collected, and gave appellee judgment for one-third of the remaining $39,-000, with 6 per cent. interest from the date appellant had collected same.

■■■ By its first four propositions, appellant contends the trial court erred in not instructing the jury to return a verdict for it, on the theory that appellee was not entitled to recover because his association with appellant, if it ever existed, had been terminated by mutual consent before he received the $40,-000 compensation, and because he was estopped to recover since he failed in this suit to tender to him, appellant, one-half of the commissions which he, appellee, had received; and further, that by having brought suit against Vardell and Bradford he had elected a remedy which, in effect, barred him from recovering in this suit. We overrule all of these propositions. Under the testimony we think appellant and appellee were partners or at least engaged in a joint enterprise in the sale of the stock in question and were to share whatever commissions were paid by virtue of any sale thereof. Under said agreement, either appellee or appellant could have collected all or any portion of the commission due by Bradford and Vardell, and, if paid in good faith, the partnership would be bound. Appellant, by his actions as revealed from the record, was claiming that he did not collect any commission, but that the $40,000 paid him was a gift which Vardell and Bradford paid him as a thank offering for the services he rendered, and that appellee was not entitled to participate therein. As we view the record, whatever amount appellant received either as a reward or as commission was collected by him for the joint use and benefit of him and appellee. He could not, after the transaction was closed, or after the negotiations had begun which ultimately resulted in the sale being made, repudiate his contract with appellee and thereby deprive appellee of his interest in whatever money he, appellant, might collect in the way of commissions or rewards for having consummated the sale.

■■■ Appellant and appellee, in so far as the transaction in controversy was concerned, were either partners or engaged in a joint enterprise for the purpose of selling the stock owned by Vardell and Bradford in the life insurance company. Each of them was entitled to a portion of the emoluments derived therefrom. It is a well-settled principle of law that one partner can collect all or any portion of any money payable to the partnership, and, if he collects all of the money due from any debtor, his receipt therefor binds the partnership. Whatever money he does collect, however, unless the other partners waive same, inures to the benefit of the partnership. It is equally true that where a debtor pays one partner a part of a partnership debt, in a suit therefor against him by the partnership or any member thereof, he is entitled to a credit for the payments he has made. Whether the suit brought by Dawson against Bradford and Vardell should have been abated because all members of the partnership or joint enterprise did not join in said suit is not a question before us. The fact that one partner collects a portion of a debt due the partnership does not, we think, bar or preclude him from participating in the funds collected by another partner from the same debtor. A partial payment to one of the partners of a part of a debt due by a person to a partnership does not thereby cancel the remaining portion of the debt or prevent the other members of the partnership from collecting same.

■■■ Appellant complains of the action of the trial court in submitting the issue to the jury as to whether appellee associated appellant with him in the sale of the 10,500 shares of insurance stock, on the theory that the issue assumed that appellee had authority to sell said stock. We overrule this proposition. It is immaterial whether appellee had such authority at the time he associated appellant with him for the purpose of selling said stock, if as a matter of fact he thereafter got the permission from the owners thereof, and if as a matter of fact as a result of the joint efforts of appellant and appellee a purchaser for said stock was found with whom the owners of the stock contracted, and as a result thereof paid a commission.

Appellant complains of the issue submitted by the court to the jury as to whether he paid Trimble $20,000 of the money he received from Vardell and Bradford, on the theory that there was no evidence to the contrary.

We overrule this proposition. Trimble and appellant each testified at length relative thereto, and there was such a variance in their testimony and same was so confusing that the jury was authorized to find that appellant, as a matter of fact, did not pay Trimble said sum of money as a commission for his having assisted in the sale of said stock.

 Appellant complains of the action of the trial court in submitting to the jury the issue to determine what per cent., if any, of the $40,000 which appellant collected appellee was entitled to recover, on the theory that said issue did not require the jury to take into account any credits that he, appellant, might be entitled to under the evidence and other issues submitted. We overrule this contention. The trial court submitted other issues for the jury to determine the amount of credits, if any, appellant was entitled to recover either as a basis for a judgment by appellant against appellee on his cross-action, or as a credit on any amount that the jury might find appellee entitled to recover from appellant. The trial court allowed as an offset to appellee's recovery all of the credits which the jury found appellant was entitled to.

Appellant contends that the answers of the jury that appellee was entitled to only one-third of the $40,000 which he, appellant, had collected and that he, appellant, was not entitled to any portion of the money which appellee had collected, are without support in the evidence. The fact that appellee did not recover the amount he claimed to be due him from appellant would not authorize this court to reverse the judgment on the complaint of appellant. With reference to appellant's claim for a portion of the funds collected by appellee, the record shows that appellant informed appellee prior to the time he instituted his suit against Vardell and Bradford that he, appellant, had no claim against said parties and would not join in any litigation, and the record shows that appellant appeared as a witness testifying on behalf of and at the request of Bradford in said suit. The jury was authorized to find under the evidence that appellant claimed no interest in said litigation and had released Vardell and Bradford from any claim he had, and had relinquished and released to appellee any and all sums of money that might be recovered in said litigation. As a matter of practical application, after deducting the amount which appellee was required to and did pay his attorneys, each of the parties received practically the same amount. Under the record in the case, a judgment for appellant and appellee jointly against Vardell and Bradford for a 5 per cent. commission on the $7,000,000 sale would have found support in the evidence, and each of the parties would have been entitled to their respective interests. Either party could relinquish his claim for his pro rata part, but could not relinquish the claim of the other parties or his partners therein.

We have examined all of appellant's propositions, and same are overruled.

The judgment of the trial court is affirmed.